**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| REGINALD G. MCFADDEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.  1:22-cv-00346 (UNA) |
| ) | |
| ANTONY BLINKEN, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of the *pro se* petition, ECF No. 1, and petitioner's application for leave to proceed *in forma pauperis*, ECF No. 2.  The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), mandating dismissal for failure to state a claim upon which relief can be granted.

Petitioner is a state prisoner who is presently in the custody of the New York State Department of Corrections and Community Supervision, currently designated to Wende Correctional Facility, located in Alden, New York.  He seeks to renounce his status as a United States citizen and he sues the United States Secretary of State and United States Citizenship and Immigration Services.  First, though petitioner alleges that he submitted renunciation paperwork to the government in 2006–2007, and again in 2011 and 2021, and that he renounced his citizenship pursuant to 8 U.S.C. § 1481(a)(2), and Section 349(a) of the Immigration and Nationality Act ("INA"), it is nonetheless unclear if he submitted the required associated fees and mandatory information, or if he followed the specific necessary procedures to obtain the certificate that he seeks, *see* 8 U.S.C. §§ 1481(a)(5)–(6), 1501; INA § 349(a)(5); *see also Sluss v. U.S. Citizen. & Immig. Srvs.*, 899 F. Supp. 2d 37, 40–1 (D.D.C. 2012) ("The State Department has issued regulations to implement 8 U.S.C. §§ 1481 and 1501 that (1) prescribe the 'form' of formal

1

renunciations of nationality before consular officers and (2) prescribe regulations under which consular officers certify the facts that form the basis for the belief that a person abroad has lost his U.S. nationality.") (citation omitted).

Second, courts have uniformly held that an incarcerated U.S. citizen has no constitutional right to renounce his U.S. citizenship during the course of his incarceration. *See, e.g., Sluss*, 899 F. Supp. 2d at 41–2 ("As long as plaintiff is incarcerated in the United States, he cannot lose his nationality and, thus, does not qualify for a [Certificate of Loss of Nationality]."); *Kwok Sze v. Johnson*, 172 F. Supp. 3d 112, 121–2 (D.D.C. 2016), *aff'd*, No. 16–5090, 2017 WL 2332592 (D.C. Cir. Feb. 21, 2017) (same); *Koos v. Holm*, 204 F. Supp. 2d 1099, 1108 (W.D. Tenn. 2002) (same).

Petitioner is incarcerated, consequently, he may not exercise his right to abandon his citizenship, because lawful incarceration imposes the necessary withdrawal or limitation of many privileges and rights, including that of citizenship renunciation. *See Kwok Sze*, 172 F. Supp. 3d at 121–22 (citations omitted). For this reason, petitioner has failed to establish any protected liberty interest, and his due process claims must fail. *See id.*; *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 829 (1985); *Bagguley v. Bush*, 953 F.2d 660, 662 (D.C. Cir. 1991). Furthermore, insofar as petitioner seeks mandamus relief, he may not do so because "[i]n considering requests for mandamus action by incarcerated renunciants pursuant to Subsection (a)(6), courts in this jurisdiction have repeatedly held that the issuance of a Certificate of Loss of Nationality is a discretionary act beyond the jurisdiction of the Mandamus Act." *Kwok Sze*, 172 F. Supp. 3d at 118–19 (collecting cases).

And to the extent that petitioner attempts to bring this matter pursuant to the Administrative Procedure Act, he is equally unsuccessful. Courts have consistently held that a prisoner cannot compel a renunciation action under the APA because an applicant must appear for in-person

interview, and the requirement for an in-person renunciation interview is neither arbitrary nor capricious. *See id.* at 120 (citing cases). "Citizenship is such a prized asset that USCIS is reasonable to insist on an interview in order to ascertain the bona fides, mental competence, and true voluntariness of those who are seeking to renounce." *Turner v. Beers*, 5 F. Supp. 3d 115, 120 (D.D.C. 2013). It is within the discretion committed by law to USCIS that the agency requires a renunciant to make his renunciation of nationality in-person at a designated USCIS office. *Kwok Sze*, 172 F. Supp. 3d at 120 (citing *Kaufman v. Mukasey*, 524 F.3d 1334, 1338 (D.C. Cir. 2008)).

As such, the petition is dismissed for failure to state a claim upon which relief may be granted. Petitioner's pending motion for default judgment, ECF No. 4, is denied as it is without basis, premature, and fails to comply with the requirements of Federal Rule 55. An order consistent with this memorandum opinion is issued separately.

TREVOR N. McFADDEN
United States District Judge

Dated: May 10, 2022